**Northern Terminals, Inc. v. Howard and Jean Leno
v. Dana S. Bray**

[392 A.2d 419]

No. 240-77

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

Opinion Filed September 11, 1978

*John P. Ambrose* and *Howard J. Seaver*, Law Office of *Donald E. O'Brien*, Burlington, for Plaintiff and Third-party Defendant.

*John K. Dunleavy* of *Burgess and Normand, Ltd.*, Montpelier, for Defendants/Third-party Plaintiffs.

**Daley, J.** In a suit for breach of an alleged lease agreement, the plaintiff sought relief in a writ of possession and in damages of $1,248.08 plus any further sums accrued under the lease. The defendants denied the existence of the lease and counterclaimed that the agreement was instead an unregistered investment security in violation of the Securities Act of 1933, 15 U.S.C. § 77a et seq., and the Blue Sky Laws, 9 V.S.A. § 4201 et seq. In addition the defendants filed a third-party complaint against one Dana Bray as an "issuer" within the meaning of the Securities Act. The plaintiff and the third-party defendant moved to dismiss defendants' claim under security law and in addition moved for judgment on the pleadings and for summary judgment. In their first argument on appeal the defendants claim the court erred in granting these motions.

Judgment was entered in the amount of $1,248.08. Subsequently plaintiff moved to amend the judgment order to include a writ of possession and the amount accrued under the lease since the date the suit was filed as prayed for in the original complaint. According to a supporting affidavit submitted by plaintiff's comptroller, this accrued sum was $1,868.77. In their second argument on appeal defendants claim that it was error to grant the additional damage without a hearing as requested by defendant.

■ Taken in the light most favorable to the prevailing party below, the facts as pleaded appear as follows. The plaintiff owned a combination gasoline station/retail grocery store which it leased to the defendants. Several months into the ten-year lease period, the parties executed an addendum to the lease whereby the plaintiff would install a "walk-in" cooler and a "modern island marketer" facility on the leasehold premises to be financed by an additional monthly rental payment and a one cent royalty on each gallon of gasoline sold

on the premises. It is the defendant's contention on appeal that in entering into this lease addendum they relied on the plaintiff's representations that the acquisition of these facilities would increase their business and profit and that these representations were therefore tantamount to an offering of a security within the meaning of the federal Securities Act of 1933, 15 U.S.C. § 77a et seq., and the Blue Sky Laws, 9 V.S.A. § 4201 et seq.

The parties agree that the controlling test of what is a security is set out in *S.E.C.* v. *W. J. Howey Co.*, 328 U.S. 293, 298 (1946). The components of this test are:

(1) an investment of money

(2) in a common enterprise

(3) with an expectation of profits solely from the efforts of others.

We do not determine whether the first two components are present in this case because our consideration of the third component is dispositive of defendants' argument. It is not enough that the defendants were led to believe that increased profits would result from the acquisition of facilities under the lease addendum. Unless that belief included the reasonable expectation that these increased profits would result substantially from the entrepreneurial or managerial efforts of the plaintiff, then this transaction cannot be said to involve a security under the *Howey* test. *United Housing Foundation, Inc.* v. *Forman*, 421 U.S. 837, 852 (1975). There is absolutely no allegation of evidence in the record to support such an expectation, reasonable or otherwise. The agreement is nothing more than a conventional lease agreement between landlord and tenant. We sustain the court's grant of the motion to dismiss and of the motions for judgment on the pleadings and summary judgment in favor of the plaintiff and third party defendant below.

■ As to the defendants' claim that their request for a hearing on the plaintiff's motion to amend judgment should have been granted, we agree. Although the judgment on the pleadings entitled plaintiff to the relief prayed for in its original complaint, namely "any further sums accrued for gasoline sold at said location," the computation of the exact

sum of $1,868.77 granted plaintiff in the amended judgment order appears to be based on plaintiff's affidavit in support of its motion to amend the judgment. The amount of accrued damage is a question of fact upon which the defendant was entitled to be heard and, therefore, cannot be decided upon affidavit alone unless the rules specifically so provide. We hold therefore that the defendants are entitled to a hearing to determine the accrued sums due to the plaintiff under the amended judgment order.

*The grant of judgment on the pleadings and summary judgment in favor of the plaintiff is affirmed. The grant of judgment on the pleadings in favor of the third-party defendant is affirmed. So much of the amended judgment order as provided for an award of damage in excess of the sum of $1,248.08 is vacated, and the cause is remanded for hearing upon the question of accrued damages alleged in the plaintiff's motion to amend judgment.*